UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DENISA RADONCIC,

                            Plaintiff,                                **COMPLAINT**

        -against-

                                                                  Docket No.: 22-CV-5005

ALVAREZ & MARSHAL,

                            Defendant.
------------------------------------------------------------------------X

      Plaintiff, DENISA RADONCIC, by and through her attorneys, RICOTTA & MARKS, P.C., complaining of Defendant herein, alleges, upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1.     This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e, *et seq.,* the New York State Executive Law, Human Rights Law, Section 290 *et seq.*, the New York City Administrative Code § 8-101 *et seq.*, and any other cause of action which can be inferred from the facts set forth herein to redress acts of unlawful discrimination and retaliation which occurred during the course of Plaintiff's employment with Defendant.

2.     The jurisdiction of this Court is invoked under 28 U.S.C. § 1331, the doctrine of pendant jurisdiction and the aforementioned statutory and constitutional provisions.

3.     Venue is proper pursuant to 28 U.S.C. § 1391.

4.      All conditions precedent to maintaining this action have been fulfilled.  A charge of discrimination was filed with the State Division of Human Rights and cross filed with the Equal Employment Opportunity Commission ("EEOC").  A right to sue letter was received from the EEOC on March 22, 2022.  This action was properly instituted within ninety (90) days of the issuance of said letter.

## PARTIES

5.      At all times hereinafter mentioned, Plaintiff Denisa Radoncic ("Radoncic") was and still is a resident of the County of Kings, State of New York.

6.      Defendant, Alvarez & Marsal, ("A&M"), was and still is a corporation with corporate offices at 600 Madison Avenue, New York, 10022.

## FACTS

7.      Radoncic is a female.

8.      In or about May 2018, Radoncic was hired by A&M as a Talent Acquisition Manager.

9.      Throughout the course of her employment with A&M, Radoncic performed her job in a satisfactory manner, and was qualified to perform her job as a Talent Acquisition Manager for TAXAND at A&M.

10. Her performance and qualifications were evidenced by the fact that, prior to her termination, she never received any warnings or write ups, and had always received positive reviews and was due for a promotion on November 1, 2020, to help manage the TA team at A&M.

11. During her employment, A&M had a gender diversity issue with over two thirds of the employees within the practice for which Radoncic worked, being male.

12. Radoncic's direct supervisor was Kelly Bridgeman ("Bridgeman"), Director of Talent Acquisition, and she also worked under the supervision of Christine Pollack ("Pollack"), Global Co-Head of Human Resources, Doug Sayuk ("Sayuk") and Brian Pedersen ("Pedersen"), both Managing Directors. Sayuk and Pedersen were also stakeholders whom Radoncic worked to support.

13. On August 6, 2019, Radoncic was sent an email by Sayuk and Pedersen which showed a competitor, David Sordello ("Sordello"), who was a partner at a company Armanino, attempting to poach A&M's employees.

14. Radoncic was directed by Sayuk to gather all the information for relevant Armanino employees, and to put together a responsive recruiting campaign for Armanino tax employees. Radoncic, at Sayuk's direction, did so.

15. Radoncic also was charged with sending an email to Sordello, which she did. In response, Sordello sent back numerous (no fewer than six) responses to Radoncic that were offensive, rude, and harassing. Radoncic shared these messages with her supervisors, and complained that she felt she was being spoken to in the manner that she was due to her gender.

16. Her complaints in that regard were summarily dismissed and no one at A&M took any action to prevent continued, gender-based harassment to which Radoncic was being exposed in the course of her job duties.

17. As a product of their failures, Radoncic continued to be harassed and bullied by Sordello, and persisted in complaining about this gender-based harassment. She was simply told there was nothing that could be done and she should just "move on."

18. These harassing emails were offensive to Radoncic and negatively impacted her ability to perform her job.

19. On August 9, 2019, Radoncic took a personal day as a result of the persistent harassment to which she was being subjected, and spoke with Deana Iorio ("Iorio"), Human Resources, complaining that A&M was taking no action to address her being harassed, and that it was negatively impacting her.

20. On August 12, 2019, the very next work day, Radoncic was terminated. Upon information and belief, her termination was undertaken due to her persistent complaints of gender-based harassment.

21. As a further act of retaliation, and after being put on notice of her complaints of discrimination and retaliation, A&M has withheld $38,250 of commissions, at a minimum, to which Radoncic is otherwise entitled.

22. As a result of the foregoing, Radoncic has suffered financial damages, future damages, as well as severe physical and emotional distress damages.

### CLAIMS FOR RELIEF

23. Plaintiff has been subjected to adverse employment actions, as well as an atmosphere of adverse employment actions based on her gender and/or in retaliation for her opposition to discriminatory practices. Defendant A&M's actions are in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e, *et seq*, the New York State Executive Law, Human Rights Law, Section 290*et seq.*\ the New York City Administrative Code § 8-101 *et seq*.

24. By reason of Defendants' violation of Plaintiff's rights, Plaintiff has suffered a loss of monetary benefits associated with her employment, in addition to suffering physical, emotional and other damages.

5

WHEREFORE, Plaintiff demands judgment against Defendant for all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, and any other damages permitted by law.  It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled. Plaintiff demands a trial by jury.

Dated:  Long Island City, New York
         June 15, 2022

                                                    RICOTTA & MARKS, P.C.
                                                    *Attorneys for Plaintiff*
                                                    31-10 37th Avenue, Suite 401
                                                    Long Island City, New York 11101
                                                    (347) 464-8694


                                                    _____/s_____
                                                         Matthew Marks